**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH A. ASHTON,**

        **Plaintiff,**

**v.**                                                                                   **Case No.  8:11-cv-2669-T-17TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The Plaintiff seeks judicial review of the denial of his claim for Social Security

disability benefits.  Because the decision of the Commissioner of the United States Social

Security Administration is not supported by substantial evidence or is not in accordance with

the correct legal standards, I recommend that it be reversed and remanded for further review.

A.

Plaintiff was thirty-nine years old at the time of his administrative hearing in April

2011.  He stands 5 feet 10 inches tall and weighed 150 pounds according to his administrative

filings.  Plaintiff has a GED and some nursing education.  His past relevant work was as a

dialysis tech, phlebotomist, nursing assistant, home health aide, manager of a fast food

restaurant, and siding installer.  Plaintiff applied for disability benefits in August 2009,

alleging disability as of November 17, 2008, by reason of reflex sympathetic dystrophy

("RSD") syndrome and pain in his leg and foot.  Plaintiff's application was denied originally

and on reconsideration.

The Plaintiff next received a *de novo* hearing before an Administrative Law Judge ("ALJ") on April 27, 2011.  The Plaintiff was represented at the hearing by counsel and testified in his own behalf.  Additionally, a vocational expert was called by the ALJ.

Plaintiff testified that he has not worked since a slip and fall accident at work in November 2008.  He suffered a severe sprain in his left foot and ankle, which he claims never healed and got progressively worse.  His foot stays cold but it feels like it is on fire up to above his knee.  According to Plaintiff, he has no mobility in his foot.  His skin has gotten discolored and he has an overgrowth of hair, symptoms of RSD.  He has developed back problems and is waiting on a neurosurgical evaluation.  He has tried pain blocks, physical therapy, and massage therapy.  He takes Oxycodone five times a day, Methadone twice a day, Soma, Xanaflex, and Xanax three times a day, and he use Medrox ointment rub.  Side-effects of his medications include drowsiness.  His most recent treatment was at a pain clinic.  By his account, his pain is constant and at a level of seven or eight daily.  Plaintiff's past surgical history includes two back surgeries in 2004 and cervical surgery in 2006.

Plaintiff did not believe he could perform even sedentary work because he cannot sit for long.  After fifteen minutes, he is nearly in tears with pain.  Elevating his foot does not help because it cramps and is excruciating.  He can stand for ten minutes and walk for about the same.  He does not wear a sock or shoe on his foot anymore.  He spends eighty percent of the day laying down to tolerate his pain.  He watches television.  He used to read, but cannot concentrate any more.  He has a computer and goes online to check e-mail.  He can drive but does so only as necessary.  He cooks with a microwave.  His roommate does the grocery

shopping.  He would like to go back to work caring for people but he is unable to and the roles are now reversed.  (R. 38-50).

The ALJ next took testimony from Joyce Courtright, a vocational expert ("VE"). After classifying Plaintiff's past work, the VE testified on a hypothetical which assumed a person of Plaintiff's age, education, and work experience capable of sedentary exertional work, but no climbing ladders, ropes, or scaffolds; only occasional climbing ramps or stairs, balancing, stooping, crouching, kneeling, and crawling; and no concentrated exposure to extreme cold or heat or excessive vibration; and permitted the ability to elevate the foot up to twelve inches while seated.  On this hypothetical, the VE opined that such person could not do Plaintiff's past work but could do manual work such as lens inserting, production inspection, and food and beverage order clerk.  If such person could only sit for two hours in an eight-hour day and stand and walk for less than two hours in an eight-hour day, no full-time employment would be available.  (R. 50-53).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of June 17, 2011, the ALJ determined that while Plaintiff has severe impairments related to degenerative disc disease, status post spinal surgery, and RSD, status post severe ankle sprain, he nonetheless had the residual functional capacity to perform a restricted range of sedentary exertional work.  Upon this finding and the VE's testimony, the ALJ concluded that Plaintiff could not perform his past work but could perform other jobs available to him in the local and national economy.  Upon this conclusion, the Plaintiff was

determined to be not disabled.  (R. 20-29).  The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

B.

Entitlement to Social Security disability benefits requires the claimant to establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quotations omitted).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citations omitted).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are

supported by substantial evidence.  *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial

evidence, the court is not to re-weigh the evidence, but is limited to determining whether the

record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

the claimant is not disabled.  *Dyer v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

In sum, the scope of review is limited to determining whether the findings of the

Commissioner are supported by substantial evidence and whether the correct legal standards

were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002);

*McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

## C.

The Plaintiff raises two claims on this appeal.  Thus, he argues that the ALJ: (1)

erred in evaluating the medical opinions; and (2) failed to properly consider Plaintiff's pain

complaints, work history, and medication side-effects.  Plaintiff urges that his case should be

reversed and remanded for an award of benefits or for further consideration.

On his first claim, Plaintiff argues that the ALJ erred in evaluating the medical

evidence by giving no weight to the opinion evidence from treating physician, John E. Barsa,

M.D., and according great weight to the opinion evidence from examining physicians, Joseph

V. Uricchio, Jr., M.D., and James R. Patterson, M.D., and the residual functional capacity

assessment of a reviewing, nonexamining state agency physician, Ronald Kline, M.D.  By Dr.

Barsa's assessment, Plaintiff was incapable of any work due to sitting, standing, and walking

limitations, the need for unscheduled breaks, and the likelihood that his condition would

cause him to miss more than four days of work each month.  *See* (R. 274-78, 280-83).

5

According to Drs. Uricchio and Patterson, Plaintiff could only do sedentary work with limitations for elevating his left leg and walking and standing.[1]  (R. 202-07, 240-43). According to the nonexamining doctor, Plaintiff could perform light exertional work with limitations (R. 265-72).  *See* (Doc. 19 at 16-19).

In response, the Commissioner argues that the ALJ properly rejected the opinions of Dr. Barsa as they were inconsistent with his treatment records and the record as a whole, including reports from treating doctors, Michael P. Clare, M.D., and David Herson, M.D., and the evaluations by Drs. Uricchio and Patterson, both of whom believed Plaintiff could do sedentary work.[2]  (Doc. 21 at 4-11).

In this circuit, certain rules apply to the consideration of the medical opinions of treating, examining, and nonexamining doctors.  "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what the claimant can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).  An ALJ must state with particularity

---

[1]According to Dr. Uricchio, an orthopedic surgeon, Plaintiff should do "as little walking and standing as possible," and should avoid heavy impact or strong vibration and extreme temperature changes.  (R. 207).  According to Dr. Patterson, a pain management doctor who saw Plaintiff twice for evaluation of his pain syndrome, Plaintiff was capable of sedentary work activity and should avoid "constant standing or walking."  (R. 243).

[2]The Commissioner identifies Dr. Patterson as a treating doctor, and his October 2009 report reflects he prescribed Norflex and Zanaflex and continued Percocet.  (R. 239). However, there are no other reports from this doctor concerning his care or final conclusions.

the weight given to different medical opinions and the reasons therefor.  *Id.* at 1179 (citing

*Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

When considering a treating physician's opinions, the ALJ must ordinarily give

substantial or considerable weight to such testimony unless good cause is shown to the

contrary.  *Winschel*, 631 F.3d at 1179 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th

Cir. 1997)).  Good cause for rejecting a treating source's opinion may be found where the

treating sources's opinion was not bolstered by the evidence, the evidence supported a

contrary finding, or the treating source's opinion was conclusory or inconsistent with his or

her own medical record.  *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.

2004)).  The opinion of an examining doctor typically is entitled to more weight than the

opinion of a nonexamining doctor.  *Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985)

(quoting *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)); 20 C.F.R.

§ 404.1527(d)(1).  The reports of nonexamining, reviewing physicians, when contrary to

those of examining physicians, are entitled to little weight in a disability case, and standing

alone do not constitute substantial evidence on which to base an administrative decision.  *See*

*Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir. 1988) (quoting *Sharfarz,* 825 F.2d at 280).

Here, in addressing the functional capacity opinions of Dr. Barsa, Plaintiff's treating

pain management doctor, the ALJ stated:

> The undersigned considered the February 2011 opinions of
> John Barsa MD, who opined claimant is totally disabled and
> unable to work (Exhibits 9F, 10F, and l2F).  Dr Barsa's
> opinions appear inconsistent with the record as a whole,
> especially considering December 2009 through March 2011
> treatment records showing little to no neurological deficits
> were noted, temperature seemed similar in claimant's
> bilateral feet, and pulses were full and symmetric in bilateral

> upper and lower extremities (Exhibits 6F and l2F).  As such,
> the undersigned assigns Dr Barsa's opinion no weight in
> favor of the opinions of Dr Patterson and Dr Uricchio.

(R. 27).  After considering the medical evidence, I conclude that the ALJ failed to provide

adequate good cause for rejecting the functional limitations actually assessed by Dr. Barsa.[3]

Stated otherwise, by my review, the ALJ's statement that the doctor's opinions were

inconsistent with the record as a whole, absent some particularity, is inadequate to state good

cause, and, in any event, appears unsupported for the period of time encompassed by Dr.

Barsa's assessment.[4]  While the ALJ cites clinical findings from Dr. Barsa such as the lack of

neurological deficits, the similarity of temperatures in the feet, and the fact of equal and full

pulses in the extremities as reasons to discount Dr. Barsa's functional assessment, I find no

medical support for this conclusion in this record.  No treating or examining source disputed

the diagnosis for RSD or that the condition caused Plaintiff considerable pain and limitation

regardless of the neurologic and orthopedic findings made at the time.  Absent some medical

authority for the conclusion that the lack of neurological deficits and temperature differences

and presence of equal pulses bilaterally rendered Dr. Barsa's assessment unworthy of any

---

[3]The ALJ's rejection of Dr. Barsa's opinion that Plaintiff could not work is not an issue.  A treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but an opinion on an issue reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(1).  Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supportable by the record, but an opinion that a claimant is unable to work is never entitled to controlling weight or special significance.  *See* Social Security Ruling 96-5p, 1996 WL 374183, *2-3 (S.S.A.).

[4]Dr. Barsa treated Plaintiff monthly beginning in December 2009.  His opinions were rendered in February 2011.  His treatment records end in March 2011, one month prior to the administrative hearing.  At that point, Dr. Barsa continued to maintain Plaintiff was incapable of working on a consistent basis.  (R. 294).

consideration, I am left to conclude that the ALJ's stated reasons for rejecting Dr. Barsa's

opinions lack support in the medical record.

      As set forth above, Dr. Barsa opined that Plaintiff was significantly limited in sitting,

standing, and walking; needed a sit/stand option and the option to walk around periodically;

and needed the option to take unscheduled breaks hourly.  In his view, Plaintiff could "rarely"

engage in numerous postural activities.  Apart from the residual functional capacity

assessment of Dr. Kline, a nonexamining doctor, there are no contrary functional assessments

in the record.  And as set forth above, the opinion of a nonexamining doctor is not entitled to

substantial weight in these circumstances.  As for the opinions of Drs. Uricchio and Patterson,

their opinions that Plaintiff could do only sedentary work were rendered prior to Dr. Barsa's

treatment of Plaintiff and well before his assessment in February 2011.  Neither of these

doctors disagreed with the diagnosis for RSD, and Dr. Uricchio in particular found Plaintiff

fully credible in his subjective complaints.  Significantly, while both indicated Plaintiff was

limited to sedentary work activities, neither expressed any specific opinions on Plaintiff's

ability to sit, stand, and walk over an eight-hour work day.[5]  Nor did they address Plaintiff's

ability to perform postural movements during the same period (apart from the need to elevate

his left leg) or the need for a sit/stand option and for occasional unscheduled breaks.  While

the earlier findings from Drs. Clare and Herson might support the conclusions of Drs.

Uricchio and Patterson, those findings offer little insight into Plaintiff's condition when he

was treated by Dr. Barsa.  By my reading, Drs. Clare and Herson both diagnosed RSD, and a

---

      [5]It is unclear what Dr. Uricchio meant when he limited Plaintiff to a sedentary job
with "as little walking and standing as possible."  Conceivably, such limitation supports Dr.
Barsa's conclusion that Plaintiff could not stand or walk for two hours or more in an eight-
hour day.

fair reading of their reports suggest the pain caused by this condition did not improve significantly during their care.  Further, neither of these doctors offered any significant functional assessment of Plaintiff inconsistent with the later opinions of Dr. Barsa.  In sum, I conclude that the ALJ has failed to state adequate good cause for discounting the functional assessment of Dr. Barsa.  A remand for further consideration of this treating doctor's medical findings is appropriate.  If the ALJ wishes to draw medical conclusions that are not otherwise revealed in the medical record, he should obtain the services of a medical expert.[6]

On this conclusion, I find it unnecessary to address the second claim.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

## D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, and I recommend that it be reversed and remanded for further proceedings before the Commissioner consistent with this Report and Recommendation.  I further recommend that the Clerk be directed to enter Judgment in favor

---

[6]Although there is authority for the rule that a treating physician's opinion be taken as true if the ALJ ignored or failed to properly refute it, *see MacGregor, supra,* the Eleventh Circuit has recently receded from that rule.  *See Dempsey v. Comm'r of Soc. Sec.*, No. 11-11434, 2011 WL 6032952, at *2 n. 5 (11th Cir. Dec. 5, 2011); *Lawton v. Comm'r of Soc. Sec.*, No. 10-15816, 2011 WL 2471475, at *4 (11th Cir. June 22, 2011).  Rather than accepting the treating doctor's opinion as true and remanding for an award of benefits, the Eleventh Circuit held that, based on prior precedent, it was appropriate to remand the case to the SSA to determine in the first instance the proper weight to be afforded the treating doctor's opinion.  *See Dempsey,* 2011 WL 6032952, at *2, n.5; *Lawton,* 2011 WL 2471475, at *4.  While *Dempsey* and *Lawton* are unpublished and not considered binding precedent, pursuant to Eleventh Circuit Rule 36-2, they may be cited as persuasive authority.

of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon

further pleadings.

Respectfully submitted this
3rd day of January 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by

a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of Record