UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSEPH A. ASHTON,

        Plaintiff,

vs.                                                    CASE NO. 8:11-CV-2669-T-17TBM

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,

        Defendant.

_____/


ORDER

    This cause is before the Court on:

    Dkt. 22   Report and Recommendation

    Plaintiff Joseph A. Ashton seeks judicial review of the denial of Plaintiff's claim
for Social Security disability benefits. The assigned Magistrate Judge has entered a
Report and Recommendation in which it is recommended that the decision of the
Commissioner of the United States Social Security Administration be reversed and
remanded for further review. The assigned Magistrate Judge concluded that the
decision of the Commissioner is not supported by substantial evidence, or was not
entered in accordance with the correct legal standards.

    The Court has independently reviewed the record, including the pleadings and
the Social Security transcript. No objections to the Report and Recommendation have
been filed. After consideration, the Court adopts and incorporates the Report and

Case No. 8:11-CV-2669-T-17TBM

Recommendation, in which the Court found that the ALJ did not state adequate good cause to discount the functional assessment of Plaintiff's treating physician, Dr. Barsa, such that remand is appropriate.  Accordingly, it is

ORDERED that the Report and Recommendation is **adopted and incorporated**. The decision of the Commissioner is **reversed**, and this case is **remanded** for further consideration of the treating physician's medical findings consistent with the Report and Recommendation.  The Clerk of Court shall enter a final judgment in favor of Plaintiff Joseph A. Ashton and against Defendant Michael J. Astrue, Commissioner of the U.S. Social Security Administration.   Plaintiff's request for attorney's fees and costs shall be filed in accordance the procedures set in the attached Order, Case No. 6:12-MC-124-ORL-22.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 28th day of January, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

2

FILED ＲＥＣＥＩＶＥＤ

NOV 1 4 2012

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA 2012 NOV 14  AM 9: 17

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN RE:  PROCEDURES FOR APPLYING
FOR ATTORNEY'S FEES UNDER                    Misc. Case No.  6: 12-MC-124-cr-1-22
42 U.S.C. §§ 406(b) AND 1383 (d)(2)

### ORDER

Section 406(b) and section 1383(d)(2) with regard to Title XVI claims of Title 42 govern motions for attorney's fees in Social Security disability cases. Section 406(b) provides in relevant part that "the court may determine and allow as part of its judgment a reasonable fee for [an attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). However, at the time the judgment is entered, the specific amount of past-due benefits, if any, is unknown.

Federal Rule of Civil Procedure 54(d)(2)(B) applies to the filing of a request for attorney's fees, pursuant to Sections 406(b) and 1383(d)(2), and it requires a motion for attorney's fees to be filed within fourteen (14) days after judgment unless provided otherwise by statute or order of the court. Fed.R.Civ.P. 54(d)(2)(B). Because the amount of past-due benefits and attorney's fees is unknown at the time of judgment, the Court adopts the following procedures and filing schedule with regard to section 406(b) (and section 1383(d)(2)) motions for attorney's fees:

(I) If the plaintiff's attorney seeks attorney's fees under 42 U.S.C. §§ 406(b) or 1383(d)(2), he or she must file a motion for approval of such fees no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.

(II) Any response to the motion shall be filed within the time provided in the Local Rules. The motion shall state the amount (if any) of attorney's fees awarded or sought by Plaintiff pursuant to 42 U.S.C. § 406(a) and any amount previously awarded by the court, pursuant to the Equal Access to Justice Act.

(III)  Plaintiff shall file any reply within ten (10) days of service of defendant's response.

(IV)  Counsel are reminded of the requirement to comply with Local Rule 3.01(g) prior to filing any motion which often expedites disposition of the fee request.

IT IS SO ORDERED.

**DONE AND ORDERED** in Chambers, in Orlando, Florida, this ___13^th___ day of November, 2012.

ANNE C. CONWAY
Chief United States District Judge