UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH A. ASHTON,

                    Plaintiff,

v.                                              CASE NO.  8:11-CV-2669-T-17TBM

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendants.

_____/


ORDER

        This cause is before the Court on:


        Dkt.  25    Motion for Award of Attorney's Fees Pursuant to
                    Equal Access to Justice Act, 28 U.S.C. Sec. 2412
        Dkt.  26    Affidavit
        Dkt.  27    Affidavit
        Dkt.  28    Response

        Plaintiff Joseph A. Ashton moves the Court to award attorney's fees to be paid by

Defendant pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412.  Plaintiff

seeks the award of $4,715.06 in attorney's fees as the prevailing party; Plaintiff

contends that the position of Defendant in the litigation and at the agency was not

substantially justified.  Plaintiff's fee contract includes an EAJA assignment.  (Dkt. 26-1).


I.  Entitlement

        The decision of the Commissioner was reversed, and this case was remanded

for further proceedings.  A final judgment in favor of Plaintiff was entered on January 29,

2013.  (Dkt. 24).   An EAJA motion must be filed within thirty days after the judgment is

Case No. 8:11-CV-2669-T-17TBM

no longer appealable.  Plaintiff's Motion is timely.

The Court remanded this case for further proceedings pursuant to Sentence Four of 42 U.S.C. Sec. 405(g).  Plaintiff Ashton is considered a prevailing party for purposes of 28 U.S.C. Sec. 2412(d)(1)(A).  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

The Government has not argued that the Government's position was substantially justified.  The Court does not know of any other special circumstances which make an award under the EAJA unjust.

2.  Amount of Award

The Government responds that the overall amount of attorney's fees sought by Plaintiff is reasonable; Defendant does not oppose the Petition.

The amount of attorney's fees to be awarded "will be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees will not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies the higher fee award.  28 U.S.C. Sec. 2412(d)(2)(A).  In this case, Plaintiff seeks the award of an hourly rate which is adjusted for cost of living increases since the rates were set.  (Dkt. 26).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. Sec. 406(b)(1)(a).   There is no contention that the claimed fee exceeds that amount.

After reviewing the affidavit, the Court finds the amount of time expended and hourly rates are reasonable.  The hourly rates are in excess of the $125.00 per hour in 28 U.S.C. Sec. 2412 (d)(2)(A), but the increase in the cost of living justifies the hourly rates requested.  The EAJA allows for an adjustment due to changes in the cost of living.  <u>Baber v. Sullivan</u>, 751 F.Supp. 1542, 1544 (S.D. Ga. 1990).  The Court grants

Case No. 8:11-CV-2669-T-17TBM

the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act in the amount of $4,715.06.

3.  Payable to Prevailing Party

The Supreme Court has held that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney's fees under the EAJA as part of the party's litigation expenses.  Astrue v. Ratliff, 130 S.Ct. 2521 (2010).  The decision of the Eleventh Circuit Court of Appeals in Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) reaffirms that the plaintiff, not plaintiff's counsel, is the "prevailing party" within the meaning of the EAJA statute.

In the past, the Court has followed the practice of other courts in this district, and directed payment of attorney's fees to counsel when an assignment of benefits was included with a plaintiff's petition.   In light of Astrue v. Ratliff, supra, the Court will direct the entry of a judgment in favor of Plaintiff, and leave it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees. Accordingly, it is

**ORDERED** that Plaintiff's Motion For Award of Attorney's Fees Pursuant to the Equal Access to Justice Act in the amount of $4,715.06 is **granted**.  The Clerk of Court shall enter a judgment in favor of Plaintiff and against Defendant in the amount of $4,715.06 for attorney's fees.

Case No. 8:11-CV-2669-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 14th day of May, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

All parties and counsel of record